UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
GREGORY DONNER, B07931,

    Petitioner,

v.

KEVWE AKPORE, Warden, Hill
Correctional Center,

    Respondent.

No. 14 C 1349

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Gregory Donner was convicted by a jury of burglary, and is serving a prison term of 17 years at the Hill Correctional Center in Galesburg, Illinois, where he is in the custody of Warden Kevwe Akpore. *See* R. 7. Donner, pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* The Warden answered the petition arguing that it should be denied. R. 13. For the following reasons, Donner's petition is denied, and the Court declines to issue a certificate of appealability.

**Background**

Around midnight on January 10, 2010, Donner was arrested by Officer Andrew Riley on suspicion of burglarizing a car near the officer's home. *See* R. 14-1 at 1 (¶¶ 3-4). Officer Riley testified at Donner's trial that he was off duty and at home when he heard the sound of breaking glass outside coming from the alley. *Id.* (¶ 4). In response, Officer Riley looked out his kitchen window and saw a person reaching into his neighbor's car window. *Id.* Officer Riley went outside with his gun

and badge and as he approached the car he instructed the person to get on the ground. *Id.* Instead of getting on the ground, the person fled. *Id.* Officer Riley gave chase and called 911 on his cell phone. *Id.* Officer Riley lost sight of the person for two or three seconds during the pursuit, but ultimately made an arrest. *Id.* Officer Riley testified that Donner was the person he arrested and the person he saw burglarizing the car. *Id.*

After Donner's arrest, Officer Joseph Montesdeoca and his partner arrived to take Donner into custody. *Id.* (¶ 5). Officer Montesdeoca testified that after he gave Donner *Miranda* warnings, Donner said, "I know the system, hurry up and take me to jail." *Id.* (¶ 7). The state attempted to offer this statement during Officer Montesdeoca's direct testimony. *See* R. 14-5 at 292 (H-90). Defense counsel objected that the statement was hearsay. *Id.* The trial court found this statement to be "admissible hearsay" over defense counsel's objection. *Id.* (H-90:7). The State did not ask the Court to give the jury an instruction limiting the evidentiary purpose of this statement.

The State argued in closing that this statement constituted an admission of guilt, while the Defense argued that no physical evidence tied Donner to the burglarized car and that Officer Riley lost sight of the person he was pursuing. R. 14-1 at 1 (¶ 8). A jury convicted Donner on October 26, 2010, and he was sentenced on November 22, 2010. *See id.* at 38-39. Due to prior convictions, Donner's sentencing range was 6 to 30 years. *See id.* at 28. He was sentenced to 17 years'

imprisonment. *See* R. 7.[1] Donner filed a timely notice of appeal with the Illinois Appellate Court immediately after his sentencing on November 22, 2010. *See* R. 14-1 at 37.

Donner made the following arguments on appeal: (1) he "was denied a fair trial [and his right not to testify] when the trial court erroneously admitted his statement," R. 14-1 at 5; (2) "trial counsel was ineffective for failing to file a motion . . . *in limine* seeking to bar Donner's statement," *id.* at 6; and (3) his sentence was excessive, *id.* at 7. In support of the first argument, Donner's counsel cited two cases in which the Illinois Appellate Court found statements similar to Donner's to be hearsay, and argued that Donner's statement about "the system" did not "tend to prove or disprove whether he burglarized the motor vehicle in question." *Id.* at 21. In support of his ineffective assistance of counsel argument, Donner's counsel cited Illinois case law and argued that trial counsel "was deficient for failing to file a pre-trial motion *in limine* as it was patently meritorious and had a reasonable likelihood of success." *Id.* at 25. Donner's counsel also cited Illinois case law to argue that Donner's sentence was "excessive given the specific nature of the instan[t] offense." R. 14-1 at 28.

---

[1] Donner's counsel on his direct appeal explained how Donner's sentencing range was determined under Illinois law as follows: "Donner was convicted of burglary of a motor vehicle, a Class 2 felony, which has sentencing range of three to seven years' imprisonment. 720 ILCS 5/19-1 (West 2010); 730 ILCS 5/5-8-1(a)(5) (West 2010). However, because Donner had two or more prior Class 2 felony convictions, he was sentenced as a Class X offender pursuant to 730 ILCS 5/5-5-3(c)(8) (West 2010). The Class X sentencing range is six to 30 years . . . ." R. 14-1 at 28.

3

The Appellate Court affirmed Donner's conviction on March 8, 2013. R. 14-1 at 1 (*People v. Donner*, 2013 WL 937443, ¶ 2 (Ill. App. Ct. 1st Dist. Mar. 8, 2013)). The Appellate Court held that Donner's statement, "taken in connection with the facts that he was taken into custody after being identified by Riley as the person who emerged from the victim's car and fled, leads to the inference of guilt," such that the statement "was properly admitted at trial." R. 14-1 at 2 (2013 WL 937443, ¶ 13). The Appellate Court also held that Donner's ineffective assistance of counsel claim "fail[ed] because the statement was properly admitted at trial, and, consequently, defendant cannot show he was prejudiced by trial counsel's failure to include this issue in a motion *in limine*." R. 14-1 at 2-3 (2013 WL 937443, ¶ 17). Finally, with respect to Donner's claim that his 17-year sentence was excessive, the Appellate Court held that the sentence was not "an abuse of discretion when defendant threw a brick into the window of a car and had 11 prior felony convictions." R. 14-1 at 3 (2013 WL 937443, ¶ 21). Donner filed a petition for rehearing before the Appellate Court on March 28, 2013, which was denied on April 8, 2013. *See* R. 14-2 at 23.

Donner filed a petition for leave to appeal with the Illinois Supreme Court, raising the same three claims he raised before the Appellate Court. R. 14-2 at 21-40. The Illinois Supreme Court denied his petition on September 25, 2013. R. 14-2 at 41.[2]

---

[2] In the midst of his direct appeal, Donner also filed a postconviction petition with the Illinois Circuit Court, which was denied on August 11, 2011. R. 14-3 at 1. Donner filed a notice of appeal, but later voluntarily dismissed the appeal through

4

Donner filed this habeas petition on February 24, 2014, raising substantially the same three issues he raised on his direct appeal. *See* R. 7.[3] Donner makes a number of arguments that the trial court abused its discretion in admitting his statement, and contends that this abuse of discretion constitutes a constitutional due process violation. *See* R. 7 at 8-9. Donner also argues that his trial counsel was ineffective for failing to file a "patently meritorious" motion *in limine* to exclude his statement. *Id.* at 10. Finally, Donner argues that his sentence was "cruel and unusual" and "excessive in light of the charge," and the trial court failed to consider "the constitutional prohibition against sentences that serve no pen[o]logical interest." *Id.* at 12.

**Analysis**

**I.    Claim One**

The Warden's primary argument against Donner's claim that the trial court erroneously admitted his statement is that the claim "is non-cognizable on habeas review because it does not present a federal constitutional basis in this Court." R.

---

counsel before briefs were filed. *Id.* at 1-5. This voluntary dismissal does not affect Donner's petition in this Court because the Court finds that his direct appeal constituted a "complete round of state-court review." *See Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014) ("To fairly present his federal claim, a petitioners must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.").

[3] Donner's petition is timely since he filed his direct appeal the same day as his sentence, and he filed this petition 152 days after the Illinois Supreme Court denied his petition for leave to appeal. *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . . [which] shall run from . . . the date on which the judgment became final by the conclusion of direct review of the expiration of time for seeking such review . . . ."). The Warden does not address this issue.

13 at 7. Although it is true "a state trial court's evidentiary rulings [that]. . . turn on state law, . . . are matters that are usually beyond the scope of federal habeas review," if a "petition[er] draws enough of a connection between his rights to due process and the trial court's (alleged) evidentiary . . . errors," this can "render his claim cognizable on habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511-12 (7th Cir. 2004).

Here, Donner argues that his "statement contained no specific reference to the charge, and provides no information from which guilt can be inferred." R. 7 at 9. He contends that his statement was so ambiguous that its admission led to "an unreasonable determination of the facts in light of the evidence," *id.* at 9, and violated his due process right to a fair trial. *See id.* at 8, 10. Although Donner does not cite federal authority to support his argument, it is clear that he intends to claim that his constitutional due process rights were violated when the trial court admitted his statement. This "connection" is sufficient to "render his claim cognizable on habeas review." *Perruquet*, 390 F.3d at 512.

The Warden also argues that Claim One is procedurally defaulted because Donner "did not present a federal constitutional basis for it to the state appellate court." But Donner made the same arguments before the Illinois Appellate Court that he makes here. Since the Court has found that these arguments sufficiently state a cognizable federal claim in this Court, these arguments were also sufficient to raise a federal claim before the state court.

Even though Donner raised a federal constitutional claim before the state courts and has also done so in this petition, Claim One is denied because, as the Warden argues, "the state court decision rejecting it was not contrary to, or an unreasonable application of, clearly established federal law." R. 13 at 11. To prevail on a claim that the admission of evidence violated clearly established federal law, a habeas petitioner "must establish that the incorrect evidentiary ruling was so prejudicial that it violated his due process right to a fundamentally fair trial, creating the likelihood that an innocent person was convicted." *Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001); *see also Perruquet*, 390 F.3d at 510 ("only if the state court committed an error so serious as to render it likely that an innocent person was convicted can the error be described as a deprivation of due process").

Donner contends that the statement "provides no information from which guilt can be inferred." R. 7 at 9. This contention is certainly debatable. A person with no connection to the burglary is not likely to have made such a statement when confronted by the police. Moreover, Donner's argument focuses on the Illinois standard for admitting statements of criminal defendants, which requires a showing that the statement was one "from which guilt may be inferred." R. 14-1 at 2; *see Donner*, 2013 WL 937443, ¶ 11. Donner has cited no authority that federal due process requires such a showing. In fact, Federal Rule of Evidence 801(d)(2) allows into evidence statements "offered against an opposing party" that were "made by the party in an individual . . . capacity." Donner does not argue that he

7

did not make the statement at issue. Thus, its admission into evidence during his trial does not offend federal due process standards.

In any event, even if Donner's statement was not properly admitted, there was more than enough evidence presented during Donner's trial for a jury to find him guilty beyond a reasonable doubt. "The testimony of a single witness is sufficient to convict a defendant . . . if the witness is credible and the accused is viewed under circumstances which would permit a positive identification." *People v. Boone*, 2015 WL 1396182, at \*3 (¶ 12) (Ill. App. Ct. 1st Dist. Mar. 24, 2015) (citing *People v. Smith*, 708 N.E.2d 365, 369 (Ill. 1999)). Officer Riley testified that he heard breaking glass and immediately thereafter saw a person reaching through a broken car window. Officer Riley also testified that Donner was the person he saw reaching into the car, and the person he arrested shortly thereafter. Nothing about Officer Riley's trial testimony would give a juror reason to question its veracity. *See* R. 14-4 at 31-35. Accordingly, because introduction of Donner's statement into evidence was not contrary to federal law and the evidence was otherwise sufficient to convict Donner even without the statement, Claim One is denied.

## II. Claim Two

Donner claims that his trial counsel was ineffective for failing to file a motion *in limine* to prevent the introduction of his statement into evidence, and that the Illinois Appellate Court's decision rejecting this claim was "[i]n violation of the principles set forth in *Strickland v. Washington*." R. 7 at 11. The Warden argues that Claim Two should be denied because the state appellate court's decision

rejecting this claim "was neither contrary to, nor an unreasonable application of, clearly established federal constitutional law." R. 13 at 14.

To prevail on a claim of ineffective assistance, Donner must demonstrate (1) that counsel provided deficient performance, meaning his representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "Surmounting *Strickland*'s high bar is never an easy task," but on habeas review establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Murrell v. Frank*, 332 F.3d 1102, 1111 (7th Cir. 2003) ("The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' [under § 2254(d)(1)] is a high one. . . ."). Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that [a habeas petitioner] has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."). When the "highly deferential" standards created by *Strickland* and § 2254(d) are applied together, review is "doubly deferential." *Knowles*, 556 U.S. at 123. In such circumstances, "the question is not whether counsel's actions were

9

reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Donner cannot show that the state appellate court either contradicted or unreasonably applied *Strickland*. The Appellate Court noted that *Strickland* requires that counsel's alleged ineffectiveness prejudice the defendant, and held that Donner could not demonstrate prejudice because his statement was properly admitted. Donner has not made any argument that the Appellate Court's holding was an unreasonable application of *Strickland*.

Moreover, counsel objected to the statement's admission into evidence. Counsel's failure to do so prior to trial by means of a motion *in limine* is immaterial. Counsel's objection during trial was sufficient to raise the issue with the trial court and allow for a ruling before its introduction into evidence. *See* R. 14-5 at 292 (H-90). This objection was also sufficient to ensure that Donner's rights were adequately preserved for appeal. Accordingly, Claim Two is denied.

### III. Claim Three

Lastly, Donner claims that his sentence was "disproportionate" to his crime, and constitutes cruel and unusual punishment. R. 7 at 12. The Warden argues that Claim Three should be denied because, "although [Donner] makes passing references to constitutional protections against excessive sentences and cruel and unusual punishment, he does not cite any federal constitutional authority to support such allegations, nor did he when he raised the claim in state court." R. 13 at 17. The Court does not agree that Donner fails to raise a cognizable

constitutional claim. Donner clearly claims that his sentence was "disproportionate" to his crime, and constitutes "cruel and unusual punishment." He also claims that his sentence was "excessive in light of the charge," and that it "serve[s] no pen[o]logical interest." Such claims implicate the Eighth Amendment and are cognizable under § 2254.

The Court also disagrees with the Warden's argument that Donner failed to raise a constitutional claim on direct appeal to the Illinois Appellate Court. Unlike his petition in this Court, Donner's brief on his state appeal does not directly mention the Eighth Amendment's prohibition on cruel and unusual punishment. "However, this, in itself, will not defeat a finding of fair presentment." *Bocian v. Godinez*, 101 F.3d 465, 470 (7th Cir. 1996). "When the cited cases articulate only state law principles and available federal precedent has been omitted from the presentation, . . . the habeas court must determine whether, as a pragmatic matter, it is probable that the state tribunal was alerted to the federal quality of the claim." *Id.*

Here, Donner's state appellate brief clearly put forward the argument that his sentence was disproportionate "to the seriousness of the offense," R. 14 at 28, "unduly excessive given the nature of the offense," *id.* at 29, and "manifestly disproportionate to the nature of the offense," *id.* Such language should have alerted the Appellate Court that Donner's claim implicated the Eighth Amendment. Thus, Donner fairly presented Claim Three to the state court.

Despite the Court's holdings that Donner has stated a cognizable federal claim and fairly presented that claim to the state courts, Claim Three is denied on the merits. "Reviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983). According this deference means that "successful challenges to the proportionality of particular sentences will be exceedingly rare." *Id.* at 289-90.

In Donner's case, his 17 year sentence was well within the Illinois statutory range of 6-30 years. Donner does not cite any federal authority suggesting that a 17 year sentence for burglary is either cruel or unusual for a repeat offender. Rather, federal authority appears to be to the contrary. *See Bocian*, 101 F.3d at 473 ("We find no Supreme Court authority indicating that a 55-year sentence for multiple burglaries committed against elderly persons['] [homes] is especially cruel or not regularly employed."); *Price v. Washington*, 54 F. Supp. 2d 837, 841 (N.D. Ill. 1999) ("[Petitioner] does not cite a single case, much less authority from the Supreme Court, suggesting that a fourteen-year sentence for burglary is either cruel or unusual for a repeat offender . . . ."). Therefore, Claim Three is denied.

## IV. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." *See Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Donner's claims regarding a fair trial, ineffective legal representation, and a disproportionate sentence, all rest on application of well-settled precedent. Accordingly, certification of any of Donner's claims for appellate review is denied.

**Conclusion**

For the foregoing reasons, Donner's petition, R. 7, is denied, and the Court also declines to issue a certificate of appealability for any of the claims in the petition.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 28, 2015